UNITED STATES DISTICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONNA WEIR; ALEXIS WEIR; THOMAS KLINNER, MD; and KLINNER ENTERPRISES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) ) |
| Defendant. | ) |

Case No. 3:15-1179
Judge Aleta A. Trauger

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss, to Compel Arbitration or Stay, or, Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404 (Docket No. 7), filed by the defendant BlueCross BlueShield of Tennessee, Inc. ("BCBST"), to which the plaintiffs have filed a Response in Opposition (Docket No. 18) and a Further Response in Opposition (Docket No. 22), and BCBST has filed a Reply (Docket No. 24). For the reasons discussed herein, BCBST's motion will be granted in part, and this action will be transferred to the United States District Court for the Eastern District of Tennessee at Chattanooga. Accordingly, the remaining requests for relief in BCBST's motion – to dismiss claims, compel arbitration, or stay the proceedings pending arbitration – will not be addressed by this court.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiffs Donna and Alexis Weir (collectively, the "Weir Plaintiffs") are individuals who reside in Murfreesboro, Rutherford County, Tennessee and are participants in a health benefit plan administered by BCBST. BCBST is based in Chattanooga, Hamilton County, Tennessee.

1

The Weir Plaintiffs are patients of the plaintiffs Dr. Thomas Klinner and Klinner Enterprises (collectively, the "Klinner Plaintiffs"), who are located in Ooltewah, Hamilton County, Tennessee. This action arises from disputes over health care claims made to BCBST for services provided by the Klinner Plaintiffs to the Weir Plaintiffs and other patients.

On November 6, 2015, the plaintiffs filed this action against BCBST. (Docket No. 1 (the "Complaint").) The Complaint alleges that, between July and September of 2015, BCBST sent a series of letters to the Klinner Plaintiffs regarding certain healthcare claims for various services provided by the Klinner Plaintiffs to a number of patients, including the Weir Plaintiffs (the "Healthcare Claims"). The letters stated that the Healthcare Claims, which had previously been deemed payable and paid by BCBST, were, in fact, not payable. The letters then sought to recoup from the Klinner Plaintiffs funds that BCBST had previously paid the Klinner plaintiffs for the Healthcare Claims, an amount totaling nearly $300,000. The Complaint further alleges that, in September of 2015, BCBST began withholding funds from the Klinner Plaintiffs for other unrelated healthcare claims (involving, in some cases, different patients with different benefit plans from those involved in the Healthcare Claims) in order to recover the funds for the Healthcare Claims that BCBST sought to recoup.

In response, according to the Complaint, between August and September of 2015, counsel for the Klinner Plaintiffs sent a series of letters to BCBST, objecting to the recoupment, among other things. On October 7, 2015, BCBST sent a letter to Dr. Klinner stating that it would terminate his status as an in-network provider for BCBST, effective December 8, 2015, and indicating that the termination was both for cause and, in the alternative, without cause. The ground for termination for cause was based on BCBST's characterization of the Healthcare Claims as evidence of abusive billing practices by the Klinner Plaintiffs.

Finally, according to the Complaint, the Weir Plaintiffs (as well as the other patients whose receipt of services were the subject of the Healthcare Claims) have assigned their rights under their health plans to Dr. Klinner and appointed Dr. Klinner as their representative for purposes of their claims against BCBST arising from the Healthcare Claims. The Complaint brings causes of action for violations of the regulations governing health plan administrators under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Patient Protection and Affordable Care Act ("PPACA"), including a claim that BCBST's termination of Dr. Klinner's status as an in-network provider was illegal retaliation. The Complaint requests declaratory and injunctive relief as well as compensatory and punitive damages.

On November 25, 2015, the plaintiffs filed a Motion for a Temporary Restraining Order, seeking to enjoin BCBST from terminating Dr. Klinner in December of 2015. (Docket No. 5.)

Also on November 25, 2015, BCBST filed a Motion to Dismiss, to Compel Arbitration or Stay, or, Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404 (Docket No. 7), along with a Memorandum in Support (Docket No. 9). This motion seeks to 1) compel arbitration and either stay all claims pending arbitration or dismiss all claims under Rule 12(b)(1), on the grounds that the Klinner Plaintiffs have an express agreement to resolve all disputes with BCBST through arbitration; 2) dismiss the Weir Plaintiffs' claims under Rule 12(b)(6), on the grounds that the Weir Plaintiffs admit they assigned all rights to these claims to Dr. Klinner and, BCBST argues, they have no grounds to bring these claims on their own behalf; and/or 3) transfer the entire action to the United States District Court for the Eastern District of Tennessee at Chattanooga, the jurisdiction where BCBST and the Klinner Plaintiffs are located.

On December 1, 2015, BCBST filed an Opposition to the plaintiffs' Motion for a Temporary Restraining Order. (Docket No. 17.)

Also on December 1, 2015, pursuant to the court's Order for expedited briefing in advance of a hearing on the plaintiffs' Motion for a Temporary Restraining Order, the plaintiffs filed a Response in Opposition to BCBST's Motion to Dismiss, to Compel Arbitration or Stay, or, Alternatively, to Transfer. (Docket No. 18.)

On December 2, 2015, during a hearing on the plaintiffs' Motion for a Temporary Restraining Order, the court held from the bench that the agreement between Dr. Klinner and BCBST expressly states that these parties will resolve disputes between them, such as the dispute over Dr. Klinner's termination, through arbitration. (Docket No. 21.) Accordingly, on December 3, 2015, the court issued an Order denying the plaintiffs' Motion for a Temporary Restraining Order. (Docket No. 20.)

On January 7, 2016, pursuant to the court's December 3, 2015 Order, the plaintiffs filed a Further Response to BCBST's Motion to Dismiss, to Compel Arbitration or Stay, or, Alternatively, to Transfer. (Docket No. 22) and, on January 25, 2016, BCBST filed a Reply (Docket No. 24).

**MOTION TO TRANSFER VENUE**

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). In ruling on a motion to transfer venue, a district court should consider case-specific factors, such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest

4

concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136-37 (6th Cir. 1991)); accord *Kerobo*, 285 F.3d at 557.

The Sixth Circuit has suggested that relevant factors to consider include: 1) the convenience of the parties and witnesses; 2) the accessibility of evidence; 3) the availability of process to make reluctant witnesses testify; 4) the costs of obtaining willing witnesses; 5) the practical problems of trying the case most expeditiously and inexpensively; and 6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of establishing that these factors weigh in favor of transferring venue. *See, e.g., Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573; *Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 097 (M.D. Tenn. 1996). Ordinarily, "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese*, 574 F.3d at 320 (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)) (emphasis added). However, "when a given action has a limited connection with the forum and is not the plaintiff's residence, the plaintiff's choice is to be afforded less weight than would otherwise be the case." *Am. Guar. & Liab. Ins. Co. v. Crosby Trucking Serv., Inc.*, No. 3:13-cv-00147, 2013 WL 3878953, at *3 (M.D. Tenn. July 26, 2013) (citing *Lisenbee v. FedEx Corp.*, 579 F. Supp. 2d 993, 1007 (M.D. Tenn. 2008)). The weight given to the plaintiff's choice of forum is lessened even further where events giving rise to the lawsuit occurred outside the chosen forum. *Id.*

While the court gives weight to the plaintiffs' choice of forum in the Middle District, the court finds that this factor is given less deference than it otherwise might in this case because: 1) while the Weir Plaintiffs are located in the Middle District, the Klinner plaintiffs – who appear to

5

be the primary plaintiffs in this action – are located in the Eastern District; and 2) the events giving rise to the lawsuit, namely the provision of healthcare services underlying the Healthcare Claims and the communications and interactions between BCBST and the Klinner Plaintiffs regarding the Healthcare Claims, all took place within the Eastern District. While the Weir Plaintiffs are located in the Middle District and have chosen this forum, the court notes that they may not remain in this action. BCBST has filed a motion to dismiss their claims based on their admitted assignment of their rights in this case to Dr. Klinner. Even if they do remain in the case, however, it appears that their role will be tangential, as the main events giving rise to the action took place between BCBST and the Klinner Plaintiffs, who are both located in the Eastern District. Indeed, there are many other patients who received services from the Klinner Plaintiffs in the Eastern District that gave rise to the Healthcare Claims, who have not been named as parties to this action at all. If the court were to retain venue, it could very well end up litigating a dispute that is primarily between parties who are all located in the Eastern District and that arose from events taking place there, an outcome that is not in keeping with the interests to be considered in determining venue.

Moreover, to the extent that the Weir plaintiffs remain in the action or participate in the proceedings, the court finds that there is no significant argument for keeping this action in the Middle District based on the convenience of the Weir Plaintiffs. As BCBST correctly notes in its briefing, the Weir Plaintiffs have already demonstrated their ability and willingness to travel to the Eastern District by seeking healthcare services from the Klinner Plaintiffs at their location just outside of Chattanooga. The same is also true for any other patients who received healthcare services giving rise to the Healthcare Claims and who may be nonparty witnesses in this matter. Moreover, there is no indication that any other nonparty witnesses would be inconvenienced by

transferring this case to the Eastern District. The convenience of the Weir Plaintiffs – as parties or nonparty witnesses – is therefore, outweighed by the convenience of the other parties and nonparty witnesses, which overwhelmingly leans in favor of the Eastern District, where these parties are located and where the events giving rise to this action took place.

The plaintiffs raise no other grounds for retaining venue in the Middle District other than their argument that the court has already taken action in this matter and that it would be inefficient to transfer venue and force the parties to start over in the litigation process. To the contrary, however, the court has been involved in this matter only with respect to the narrow issue of the plaintiffs' Motion for a Temporary Restraining Order seeking to enjoin BCBST from proceeding with Dr. Klinner's termination. As indicated above, the court has made findings only with respect to the narrow issue that the retaliation claim arising from Dr. Klinner's termination must be adjudicated through arbitration and, therefore, cannot provide a basis for a Temporary Restraining Order at this time. The court has not, however, rendered any opinions or taken any action with respect to the merits of any of the underlying causes of action in this matter, nor has the court considered the substance of BCBST's pending motions to compel arbitration and to dismiss or stay the claims. Upon transfer to the Eastern District, the filings on these issues would remain pending for the Eastern District to consider, and there would be no necessity for the parties to do any additional work to brief these issues before that court. Therefore, the prior proceedings do not persuade the court to find in favor of denying BCBST's request for transfer and retaining jurisdiction. Rather, BCBST has clearly met its burden of showing that, on the whole, the factors weigh in favor of transferring venue to the United States District Court for the Eastern District of Tennessee at Chattanooga.

## **CONCLUSION**

For the foregoing reasons, BCBST's Motion is **GRANTED IN PART,** and the court hereby **ORDERS** that this action be transferred to the United States District Court for the Eastern District of Tennessee at Chattanooga. The remaining requests to dismiss claims, compel arbitration, or to stay claims remain pending.

It is so **ORDERED**

Enter this 2nd day of March 2016.

_____
ALETA A. TRAUGER
United States District Judge